# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TANYA ROBBINS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:17-cv-134-SNLJ |
| SAVANNAH POGUE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court upon the motion of plaintiffs Tanya Robbins and Edward Gassel for leave to proceed in forma pauperis in this civil action. The Court has reviewed the financial information submitted in support, and will grant the motions. The Court will also dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial

experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiffs assert that their children were not protected while in foster care. As the basis for this Court's jurisdiction, plaintiffs write "1st Amendment H.R. 5205 Adam Mann Child Abuse & Neglect Protection Act, H.R. 3588 Accountability Act of 1993 5.1877.112th Congress H.R. 3470 18 US Code 1512 210.125 210 – 166 Res ipsa Loquitur, 575.270."[1] (Docket No. 1 at 3). Named as defendants are Savannah Pogue, Gretchen Plaggenburg, Tonya Shearin, and Samantha Faulkner. For their statement of claim, plaintiffs write:

---

[1] With the exception of the First Amendment, plaintiffs do not explain, nor is it apparent, how the cited material applies to their case or provides a basis for jurisdiction. To the extent plaintiffs can be understood to attempt to bring tort claims based upon state law, there is no basis for the exercise of supplemental jurisdiction over such claims, nor is there a basis for federal subject matter jurisdiction, as all parties are Missouri residents. Finally, plaintiffs are advised that this Court cannot compel the criminal prosecution of any named defendant. *See Ray v. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion") (citations omitted)). Because plaintiffs cite the First Amendment and claim their right to freedom of speech was violated, the Court will construe the complaint as having been brought pursuant to 42 U.S.C. § 1983.

> March 16 2017 Continuing/child abuse & neglect violation ours and our sons freedom of speech to talk & communicate so we know what's happening. All the defendants know what has happened & happening I have made numerous reports & they cover up each others tracks, they have threatened my son somehow, & can't take pictures of bruises, son use to tell us what was happening. [*sic*]

(*Id.* at 4). As attachments to the complaint, plaintiffs include information on topics including febrile seizures and tampering with a witness or juror, and they also include what appears to be a list of grievances against an unnamed foster parent. In their request for relief, plaintiffs seek monetary damages for emotional stress.

**Discussion**

Having carefully reviewed and liberally construed the complaint, the Court has concluded that it fails to state a claim upon which relief can be granted. Plaintiffs completed their complaint on a court-provided form that clearly explains they are required to state what each defendant did to cause harm or violate plaintiffs' rights. Despite this instruction, plaintiffs allege no facts showing that any of the individual defendants personally performed, or failed to perform, any specific action that could be viewed as a violation of plaintiffs' constitutional rights. Instead, plaintiffs state that "ours & our sons" First Amendment rights were violated. (*Id.* at 4). This is a "legal conclusion couched as a factual allegation" that this Court is not bound to accept as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

To state an actionable civil rights claim under 42 U.S.C. § 1983, as plaintiffs are trying to do here, a plaintiff must allege a set of historical facts showing that each named defendant violated the plaintiff's federal constitutional rights while acting under color of state law. *West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Plaintiffs have not done so, and the Court therefore concludes that they have failed to plead a cause of action upon which relief can be granted. This action will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights complaint because it failed to allege sufficient personal involvement by any of the named defendants).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Tanya Robbins's Motion for Leave to Proceed In Forma Pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Edward Gassel's Motion for Leave to Proceed In Forma Pauperis (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE